FILED
FEBRUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELCINE THOMPSON | ) | **08 C 1222** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) ) ) | JURY TRIAL DEMANDED **JUDGE LEFKOW MAGISTRATE JUDGE VALDEZ** |
| Defendant. | ) | |

## COMPLAINT AT LAW

DELCINE THOMPSON ("Thompson"), by her attorneys, brings this complaint against defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") as follows:

### Parties

1. Thompson is a female citizen of the United States who currently resides in Aurora, Illinois. Thompson is a licensed attorney in Illinois who has been employed by IDOC since 1998 in the position of Public Service Administrator. In this position, Thompson provides legal advice and counsel to IDOC on a variety of matters.

2. IDOC is administered by the State of Illinois and operates 28 prisons and 8 adult transition centers with a population in excess of 45,000.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and The Equal Pay Act, 29 U.S.C.A. § 206 ("EPA").

4. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices complained of occurred within this district.

## Facts

5. In October 1998, Thompson applied for a position as a Public Service Administrator working as an attorney for IDOC. As of that time, Thompson had been a practicing attorney in Illinois for 18 years, having been admitted to the Illinois Bar in May 1980.

6. Previous to her application to IDOC, Thompson had been employed as an Assistant General Counsel for the Chicago Housing Authority, had been employed as an Assistant States Attorney for the County of Cook and had worked in private practice.

7. Thompson's educational background includes two years of college at Harvard-Radcliffe University (1972-1974), two years at the University of Chicago (1974-1976) and three years at New York University School of Law. Thompson's most recent employer prior to her employment by IDOC was the Chicago Housing Authority ("CHA"). Thompson's final salary as Assistant General Counsel to the CHA was approximately $60,000 per year.

8. Thompson's employment history and educational background were included on the application that she submitted to IDOC in support of her application for employment.

9. IDOC hired Thompson in 1998 and paid her an initial salary of approximately $30,000.

10. IDOC has a policy of providing annual evaluations of its employees who perform legal services. Each employee is rated on a scale that consists of Exceptional, Accomplished, Acceptable or Unacceptable.

11. Throughout her employment by IDOC, Thompson has been consistently rated either Accomplished or Exceptional on her annual evaluations.

12. In her position with IDOC, Thompson reported directly to the Chief Legal Counsel. During her tenure with IDOC, Thompson has been supervised by a number of different Chief Legal

Counsel. Over the years, Thompson has complained to each of her supervisors about her low pay.

13. Although Thompson had no direct knowledge of the salaries of other attorneys working for IDOC, she suspected that her salary was significantly lower than that of her male co-workers.

14. On October 12, 2000, then Chief Legal Counsel, Donald R. Zoufal, wrote a memorandum to Donald N. Snyder, Director of IDOC, requesting that Thompson's salary be substantially increased. A copy of Zoufal's memorandum is attached hereto as Exhibit 1.

15. Zoufal's memorandum stated as follows:

Not only is Ms. Thompson compensated below the level of attorneys with similar lengths of practice experience she is compensated below the level of more junior attorneys. Her annual compensation rate is almost $10,000 below that of the Departments [sic] most junior attorney. That attorney has less than half the years of practice experience as Ms. Thompson. **In fact, even one of the paralegal staff in the office is compensated at a rate above Ms. Thompson.**

16. Zoufal recommended that Thompson's salary be raised from its then current rate of $33,252 to between $45,000 to $50,000. However, no such adjustment was made in Thompson's salary. At the time, Thompson was not aware of the contents of Zoufal's memorandum.

17. Today, eight years after Zoufal's memorandum recommending a salary increase for Thompson in the range of $45,000 to $50,000, Thompson's salary has just reached $46,000.

18. Upon information and belief, male attorneys presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

## Equal Pay Act

19. It is an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation because of such individual's sex. 29. U.S.C. §206 *et seq.*

20. IDOC discriminated against Thompson because of her sex in violation of the EPA by paying male employees, who performed the same duties and who had equal or lesser skills, education and experience, a higher salary than that paid to Thompson.

21. As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

22. IDOC knew that the EPA applied to it or showed reckless disregard for whether or not the EPA applied to it.

23. IDOC willfully violated the EPA.

WHEREFORE, Thompson prays that this Court:

a. Enter judgment in favor of Thompson and against IDOC for all wages and benefits shown to be due.

b. Enter judgment in favor of Thompson and against IDOC for an equal amount of wages as liquidated damages;

c. Enter judgment in favor of Thompson and against IDOC for Thompson's reasonable attorney's fees, expenses and costs of this action; and,

d. Award Thompson such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

# EXHIBIT 1



**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

James R. Thompson Center/100 W. Randolph Street/Suite 4-200/Chicago, IL  60601/Telephone (312) 814-3017
TDD: (800) 526-0844

# MEMORANDUM

DATE:     October 12, 2000

TO:       Donald N. Snyder
          Director

FROM:     Donald R. Zoufal
          Chief Legal Counsel

SUBJECT:  Delcine Thompson


I am submitting this memorandum to you concerning the salary of the above referenced attorney.  She is currently compensated at the rate of $2771 per month ($33,252 annually).  Upon my assumption of duties as Chief Legal Counsel I conducted a review of the salary structure and compensation levels of the legal staff.  I find the current compensation level for Ms. Thompson to be a great variance with that afforded to other attorneys.

Ms. Thompson is a very senior attorney (almost 20 years of practice experience).  Our two most recent hires to this department, John Hosteny and Jane Bularzik (attorneys with comparable professional experience) were hired at compensation rates one and a half to two times higher than Ms. Thompson.  While the salary history and professional experience levels of those attorneys justifies some disparity, it does not justify the level of disparity that exists.

Not only is Ms. Thompson compensated below the level of attorneys with similar lengths of practice experience she is compensated below the level of more junior attorneys.  Her annual compensation rate is almost $10,000 below that of the Departments most junior attorney.  That attorney has less than half the years of practice experience as Ms. Thompson.  In fact, even one of the paralegal staff in the office is compensated at a rate above Ms. Thompson.

Clearly Ms. Thompson compensation rate is not properly aligned with that of other attorneys and staff in the office.  While years of experience are not (and in my opinion should not be) the only basis for establishing compensation rates, they are certainly factors which require substantial consideration.

Page 2
RE:  Delcine Thompson

Ms. Thompson has an impressive background (her resume is attached).  She has over 17 years of government service as an Assistant States Attorney prosecuting cases in Cook County, as a litigation attorney with the Chicago Housing Authority and now, with this Department.  Additionally, Ms. Thompson has two years of litigation experience in the private sector.  She is a hard worker with proven litigation skills.  She also has an outstanding educational background with an undergraduate degree from University of Chicago and a law degree from New York University.

I am greatly concerned that if we do not make an effort to adjust this attorney's salary dramatically we will lose her services.  An attorney of her caliber and experience is extremely marketable.  Aside from the more parochial interest of insuring against losing Ms. Thompson's services, I believe as a matter of fairness her compensation level should be adjusted.  I would suggest a movement to an annual compensation to a level of between $45,000 to $50,000.  I am not certain if an increase to this level is feasible.  Please advise me as to your thoughts in this matter.