**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DELCINE THOMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1222 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Honorable Joan H. Lefkow |
| CORRECTIONS | ) | |
| | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law, states as follows.

### Parties

1.      Thompson is a female citizen of the United States who currently resides in Aurora, Illinois.  Thompson is a licensed attorney in Illinois who has been employed  by  IDOC since 1998 in the position of Public Service Administrator.  In this position, Thompson provides legal advice and counsel to IDOC on a variety of matters.

**ANSWER:**  Defendant admits the allegations in Paragraph 1.

2.      IDOC is administered by the State of Illinois and operates 28 prisons and 8 adult transition centers with a population in excess of 45,000.

**ANSWER:**  Defendant admits it is an agency of the State of Illinois and operates 28 prisons and 8 adult transition centers with an inmate population in excess of 45,000.

**Jurisdiction and Venue**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Equal Pay Act, 29 U.S.C.A §206 ("EPA").

**ANSWER:**  Defendant admits the allegations in Paragraph 3.

4.      Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices complained of occurred within this district.

**ANSWER:**  Defendant admits that venue is proper, but denies having engaged in any unlawful employment practices.

**Facts**

5.      In October 1998, Thompson applied for a position as a Public Service Administrator working as an attorney for IDOC.  As of that time, Thompson had been a practicing attorney in Illinois for 18 years, having been admitted to the Illinois Bar in May 1980.

**ANSWER:**  Defendant admits the allegations in paragraph 5.

6.      Previous to her application to IDOC, Thompson had been employed as an Assistant General Counsel for the Chicago Housing Authority, had been employed as an Assistant States Attorney for the County of Cook and had worked in private practice.

**ANSWER:**  Defendant admits the allegations in paragraph 6.

7.      Thompson's education background includes two years of college at Harvard-Radcliffe University (1972-1974), two years at the University of Chicago (1974-1976) and three years at New York University School of Law.  Thompson's most recent employer prior to her employment to IDOC was the Chicago Housing Authority ("CHA").  Thompson's final salary as Assistant General Counsel to the CHA was approximately $60,000 per year.

**ANSWER:**  Defendant denies that Plaintiff's most recent employer prior to her employment with IDOC was the Chicago Housing Authority, ("CHA"), and states that Plaintiff was self-employed at a "variable" salary for approximately two and one-half years immediately prior to her employment with IDOC.  Defendant admits the remaining allegations in paragraph 7.

8.     Thompson's employment history and educational background were included on the application that she submitted to IDOC in support of her application for employment.

**ANSWER:**  Defendant admits the allegations contained in paragraph 8.

9.     IDOC hired Thompson in 1998 and paid her an initial salary of approximately 30,000.

**ANSWER:**  Defendant admits that Plaintiff was hired in 1998 at an initial salary of $31,344.00.

10.     IDOC has a policy of providing annual evaluations of its employees who perform legal services.  Each employee is rated on a scale that consists of Exceptional, Accomplished, Acceptable or Unacceptable.

**ANSWER:**  Defendant admits the allegations in paragraph 10.

11.     Throughout her employment by IDOC, Thompson has been consistently rated either Accomplished or Exceptional on her annual evaluations.

**ANSWER:**  Defendant admits the allegations in paragraph 11, with the exception of 1999, when Plaintiff received a rating of "Acceptable" for the first year of her employment.

12.     In her position with IDOC, Thompson reported directly to the Chief Legal Counsel.  During her tenure with IDOC, Thompson has been supervised by a number of different Chief Legal Counsel.  Over the years, Thompson has complained to each of her supervisors about her low pay.

**ANSWER:**  Defendant denies that Thompson complained to each of her supervisors about her low pay.  Defendant admits the remaining allegations in paragraph 12.

13.     Although Thompson had no direct knowledge of the salaries of other attorneys working for IDOC, she suspected that her salary was significantly lower than that of her male co-workers.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     On October 12, 2000, the Chief Legal Counsel, Donald R. Zoufal, wrote a memorandum to Donald N. Snyder, Director of IDOC, requesting that Thompson's salary be substantially increased.  A copy of Zoufal's memorandum is attached hereto as Exhibit 1.

**ANSWER:**  Defendant admits the allegations in paragraph 14.

15.     Zoufal's memorandum states as follows:

Not only is Ms. Thompson compensated below the level of attorneys with similar lengths of practice experience she is compensated below the level of more junior attorneys.  Her annual compensation rate is almost $10,000 below that of the Departments [sic] most junior attorney.  That attorney has less than half the years of practice experience as Ms. Thompson.  **In fact, even one of the paralegal staff in the office is compensated at a rate above Ms. Thompson.**

**ANSWER:**  Defendant admits that the memorandum contains the referenced statements.

16.     Zoufal recommended that Thompson's salary be raised from its then current rate of $33,252 to between $45,000 to $50,000.  However, no such adjustment was made in Thompson's salary.  At the time, Thompson was not aware of the contents of Zoufal's memorandum.

**ANSWER:**  Defendant admits that Zoufal recommended a raise in salary for Plaintiff to a level between $45,000 and $50,000.  Defendant admits that Plaintiff's salary was not raised to

such a level, but denies that Plaintiff received no adjustment in salary.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17.    Today, eight years after Zoufal's memorandum recommending a salary increase for Thompson in the range of $45,000 to $50,000, Thompson's salary just reached $46,000.

**ANSWER:**  Defendant admits the allegation in paragraph 17.

18.    Upon information and belief, male attorneys presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

**ANSWER:**  Defendant admits that male and female attorneys presently working for IDOC are paid and have been paid more than Plaintiff.  Defendant denies the remaining allegations in paragraph 18, and specifically denies any inference of discrimination or other illegal conduct with respect to Plaintiff's salary.

## Equal Pay Act

19.    It is an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation because of such individual's sex.  29 U.S.C. §206 *et seq*.

**ANSWER:**  Defendant admits the allegations contained in paragraph 19.

20.    IDOC discriminated against Thompson because of her sex in violation of the EPA by paying male employees, who performed the same duties and who had equal or lesser skills, education and experience, a higher salary than that paid to Thompson.

**ANSWER:**  Defendant denies the allegations contained in paragraph 20.

21.    As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

**ANSWER:**  Defendant denies having engaged in any discriminatory or otherwise illegal conduct with respect to Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.    IDOC knew that the EPA applied to it or showed reckless disregard for whether or not the EPA applied to it.

**ANSWER:**  Defendant admits knowing that the EPA applies to it, but denies the remaining allegations contained in paragraph 22.

23.    IDOC willfully violated the EPA.

**ANSWER:**  Defendant denies the allegations contained in paragraph 23.

WHEREFORE, Thompson prays that this Court:

a.    Enter judgment in favor of Thompson and against IDOC for all wages and benefits shown to be due.

b.    Enter judgment in favor of Thompson and against IDOC for an equal amount of wages as liquidated damages;

c.    Enter judgment in favor of Thompson and against IDOC for Thompson's reasonable attorney's fees, expenses and costs of this action; and,

d.    Award Thompson such other relief as this Court deems just and proper.

**ANSWER:**  Defendant denies Plaintiff is entitled to any damages in this matter.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Any salary differential between Plaintiff and other employees is a result of factors other than sex.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Any salary differential between Plaintiff and other employees is a result of legitimate, non-discriminatory factors.


LISA MADIGAN                           Respectfully submitted,
Illinois Attorney General

                                       **ILLINOIS DEPARTMENT OF CORRECTIONS,**
                                       Defendant,

                                       By:____s/ Mary M. Madden_____

                                           MARY M. MADDEN
                                           Assistant Attorney General
                                           100 West Randolph Street, 13th Floor
                                           Chicago, Illinois 60601
                                           (312) 814-7201