**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DELCINE THOMPSON             )
                                    )
                 Plaintiff,       )
v.                            )
                                    )     Case No.  08 CV 1222
ILLINOIS DEPARTMENT OF      )     JURY TRIAL DEMANDED
CORRECTIONS and EDWARD HUNTLEY,   )     Judge Joan Humphrey Lefkow
individually and in his capacity as Chief Legal   )
Counsel of the Illinois Department of Corrections,   )
                                    )
               Defendants.    )

## <u>SECOND AMENDED COMPLAINT AT LAW</u>

DELCINE THOMPSON ("Thompson"), by her attorneys, brings this complaint against defendants the ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") and EDWARD HUNTLEY, individually and in his capacity as Chief Legal Counsel of the Illinois Department of Corrections ("Huntley") as follows:

### <u>Parties</u>

1.     Thompson is a female citizen of the United States who currently resides in Aurora, Illinois. Thompson is a licensed attorney in Illinois who has been employed by IDOC since 1998 in the position of Public Service Administrator. In this position, Thompson provides legal advice and counsel to IDOC on a variety of matters.

2.     IDOC is administered by the State of Illinois and operates 28 prisons and 8 adult transition centers with a population in excess of 45,000.

3.     Huntley is the Chief Legal Counsel of IDOC and is Thompson's direct supervisor.

**Jurisdiction and Venue**

4.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, The Equal Pay Act, 29 U.S.C.A.

§ 206 ("EPA"), 42 U.S.C. § 1988 and 29 U.S.C. §626(b).

5.   Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C.

§ 1391(b) and (c) because the unlawful employment practices complained of occurred within

this district.

**Facts**

6.   In October 1998, Thompson applied for a position as a Public Service Administrator working

as an attorney for IDOC.  As of that time, Thompson had been a practicing attorney in

Illinois for 18 years, having been admitted to the Illinois Bar in May 1980.

7.   Previous to her application to IDOC, Thompson had been employed as an Assistant General

Counsel for the Chicago Housing Authority, had been employed as an Assistant States

Attorney for the County of Cook and had worked in private practice.

8.   Thompson's educational background includes two years of college at Harvard-Radcliffe

University (1972-1974), two years at the University of Chicago (1974-1976) and three years

at New York University School of Law (1976-1979).   Thompson's most recent employer

prior to her employment by IDOC was the Chicago Housing Authority ("CHA").

Thompson's final salary as Assistant General Counsel to the CHA was approximately

$60,000 per year.

9.   Thompson's employment history and educational background were included on the

application that she submitted to IDOC in support of her application for employment.

10.   IDOC hired Thompson in 1998 and paid her an initial salary of approximately $31,000.

11.    IDOC has a policy of providing annual evaluations of its employees who perform legal services.  Each employee is rated on a scale that consists of Exceptional, Accomplished, Acceptable or Unacceptable.

12.    Throughout her employment by IDOC, Thompson has been consistently rated either Accomplished or Exceptional on her annual evaluations.

13.    In her position with IDOC, Thompson reported directly to the Chief Legal Counsel.  During her tenure with IDOC, Thompson has been supervised by a number of different Chief Legal Counsel.  Over the years, Thompson has complained to each of her supervisors about her low pay.

14.    Although Thompson had no direct knowledge of the salaries of other attorneys working for IDOC, she suspected that her salary was significantly lower than that of her male co-workers.

15.    On October 12, 2000, then Chief Legal Counsel, Donald R. Zoufal, wrote a memorandum to Donald N. Snyder, Director of IDOC, requesting that Thompson's salary be substantially increased.  A copy of Zoufal's memorandum is attached hereto as Exhibit 1.

16.    Zoufal's memorandum stated as follows:

Not only is Ms. Thompson compensated below the level of attorneys with similar lengths of practice experience she is compensated below the level of more junior attorneys.  Her annual compensation rate is almost $10,000 below that of the Departments [sic] most junior attorney.  That attorney has less than half the years of practice experience as Ms. Thompson. **In fact, even one of the paralegal staff in the office is compensated at a rate above Ms. Thompson.**

17.    Zoufal recommended that Thompson's salary be raised from its then current rate of $33,252 to between $45,000 to $50,000.  However, no such adjustment was made in Thompson's salary.  At the time, Thompson was not aware of the contents of Zoufal's memorandum.

3

18.    Today, eight years after Zoufal's memorandum recommending a salary increase for Thompson in the range of $45,000 to $50,000, Thompson's salary has just reached $46,000.

19.    Upon information and belief, male attorneys presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

20.    Thompson restates and realleges paragraphs 1 through 19 of the Second Amended Complaint as though fully set forth herein.

21.    It is an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation because of such individual's sex.  29. U.S.C. §206 *et seq.*

22.    IDOC discriminated against Thompson because of her sex in violation of the EPA by paying male employees, who performed the same duties and who had equal or lesser skills, education and experience, a higher salary than that paid to Thompson.

23.    As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

24.    IDOC knew that the EPA applied to it or showed reckless disregard for whether or not the EPA applied to it.

25.    IDOC willfully violated the EPA.

## COUNT II

### UNLAWFUL DISCRIMINATION BASED ON RACE
### IN VIOLATION OF SECTION 1983 (Huntley)

26.    Thompson restates and realleges paragraphs 1 through 25 of the Second Amended Complaint as though fully set forth herein.

27.    Thompson is a member of a protected class due to her race, African American.

28.    Thompson was meeting IDOC's legitimate expectations and the legitimate expectations of her supervisor, Huntley.

29.    Upon information and belief, non-African American attorneys presently working for IDOC who are supervised by Huntley or who have been supervised by Huntley in the past performing similar duties to Thompson are paid and have been paid more than Thompson.

30.    Huntley discriminated against Thompson based on her race in the terms and conditions of her employment by failing to pay her salary and benefits equal to that of non-African Americans.

31.    As a direct and proximate result of Huntley's conduct, Thompson has sustained substantial economic losses.

32.    As a further direct and proximate result of Huntley's  unlawful employment practices, Thompson has suffered humiliation, mental and emotional distress.

33.    Huntley's conduct toward Thompson was done with malice and/or reckless disregard of Thompson's civil rights.

## COUNT III

**UNLAWFUL DISCRIMINATION BASED ON AGE**

34. Thompson restates and realleges paragraphs 1 through 33 of the Second Amended Complaint as though fully set forth herein.

35. On April 18, 2007, Thompson filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"). In her Charge, Thompson alleged *inter alia,* that IDOC discriminated against her based on her age.

36. The EEOC has not yet issued a Notice of Right to Sue to Thompson.  However, because more than 60 days have expired since Thompson filed her EEOC Charge, she has satisfied all procedural requirements for bringing a claim pursuant to the Age Discrimination in Employment Act ("ADEA").

37. Thompson is, and during her entire tenure as an employee of IDOC, Thompson has been above the age of 40 years.

38. At all times, Thompson has been meeting IDOC's legitimate expectations.

39. Upon information and belief, attorneys under the age of 40 presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

40. IDOC discriminated against Thompson based on her age in the terms and conditions of her employment by failing to pay her salary and benefits equal to that of employees below the age of 40.

41. As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

42.    As a further direct and proximate result of IDOC's  unlawful employment practices, Thompson has suffered humiliation, mental and emotional distress.

43.    IDOC's conduct toward Thompson was done with malice and/or reckless disregard of Thompson's civil rights.

WHEREFORE, Thompson prays that this Court:

a.    Enter judgment in favor of Thompson and against defendants for all wages and benefits shown to be due.

b.    Enter judgment in favor of Thompson and against IDOC for an equal amount of wages as liquidated damages;

c.    Enter judgment in favor of Thompson and against defendants for compensatory damages;

d.    Enter judgment in favor of Thompson and against defendants for Thompson's reasonable attorney's fees, expenses and costs of this action; and,

e.    Award Thompson such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated:  August 7, 2008

7

Respectfully submitted,


s/ Hubert O. Thompson


Hubert O. Thompson
Ronald Austin, Jr.
**BROTHERS & THOMPSON, P.C.**
100 West Monroe Street, Suite 1700
Chicago, Illinois 60603
P: (312) 372-2909
F: (312) 704-6693
Email: hthompson@brothersthompson.com

*Attorneys for Plaintiff Delcine Thompson*