**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DELCINE THOMPSON ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 08 C 1222 | |
| ) | | |
| ILLINOIS DEPARTMENT OF ) | Honorable Joan H. Lefkow | |
| CORRECTIONS and ) | | |
| EDWARD HUNTLEY, individually and ) | Magistrate Judge Maria Valdez | |
| In his capacity as Chief Legal Counsel of ) | | |
| The Illinois Department of Corrections, ) | | |
| ) | | |
| Defendants. ) | | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS, ("IDOC"), and EDWARD HUNTLEY, ("Huntley"), individually and in his capacity as Chief Legal Counsel of the Illinois Department of Corrections, (collectively, "Defendants"), by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint at Law, state as follows.

**Parties**

1. Thompson is a female citizen of the United States who currently resides in Aurora, Illinois. Thompson is a licensed attorney in Illinois who has been employed by IDOC since 1998 in the position of Public Service Administrator. In this position, Thompson provides legal advice and counsel to IDOC on a variety of matters.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

2.     IDOC is administered by the State of Illinois and operates 28 prisons and 8 adult transition centers with a population in excess of 45,000.

**ANSWER:**  Defendants admit IDOC is an agency of the State of Illinois and operates 28 prisons and 8 adult transition centers with an inmate population in excess of 45,000.

### Jurisdiction and Venue

3.     Huntley is Chief Legal Counsel of IDOC and is Thompson's direct supervisor.

**ANSWER:**  Defendants admit the allegations in paragraph 3.

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Equal Pay Act, 29 U.S.C.A §206 ("EPA").

**ANSWER:**  Defendants admit the allegations in Paragraph 4.

5.     Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices complained of occurred within this district.

**ANSWER:**  Defendants admit that venue is proper, but deny having engaged in any unlawful employment practices.

### Facts

6.     In October 1998, Thompson applied for a position as a Public Service Administrator working as an attorney for IDOC.  As of that time, Thompson had been a practicing attorney in Illinois for 18 years, having been admitted to the Illinois Bar in May 1980.

**ANSWER:**  Defendants admit the allegations in paragraph 6.

7.     Previous to her application to IDOC, Thompson had been employed as an Assistant General Counsel for the Chicago Housing Authority, had been employed as an Assistant States Attorney for the County of Cook and had worked in private practice.

2

**ANSWER:**  Defendants admit the allegations in paragraph 7.

8.  Thompson's education background includes two years of college at Harvard-Radcliffe University (1972-1974), two years at the University of Chicago (1974-1976) and three years at New York University School of Law.  Thompson's most recent employer prior to her employment to IDOC was the Chicago Housing Authority ("CHA").  Thompson's final salary as Assistant General Counsel to the CHA was approximately $60,000 per year.

**ANSWER:**  Defendants deny that Plaintiff's most recent employer prior to her employment with IDOC was the Chicago Housing Authority, ("CHA"), and state that Plaintiff was self-employed at a "variable" salary for approximately two and one-half years immediately prior to her employment with IDOC.  Defendants admit the remaining allegations in paragraph 8.

9.  Thompson's employment history and educational background were included on the application that she submitted to IDOC in support of her application for employment.

**ANSWER:**  Defendants admit the allegations contained in paragraph 9.

10.  IDOC hired Thompson in 1998 and paid her an initial salary of approximately $31,000.

**ANSWER:**  Defendants admit that Plaintiff was hired in 1998 at an initial salary of $31,344.00.

11.  IDOC has a policy of providing annual evaluations of its employees who perform legal services.  Each employee is rated on a scale that consists of Exceptional, Accomplished, Acceptable or Unacceptable.

**ANSWER:**  Defendants admit the allegations in paragraph 11.

12.  Throughout her employment by IDOC, Thompson has been consistently rated either Accomplished or Exceptional on her annual evaluations.

**ANSWER:** Defendants admit the allegations in paragraph 12, with the exception of 1999, when Plaintiff received a rating of "Acceptable" for the first year of her employment.

13. In her position with IDOC, Thompson reported directly to the Chief Legal Counsel. During her tenure with IDOC, Thompson has been supervised by a number of different Chief Legal Counsel. Over the years, Thompson has complained to each of her supervisors about her low pay.

**ANSWER:** Defendants deny that Thompson complained to each of her supervisors about her low pay. Defendants admit the remaining allegations in paragraph 13.

14. Although Thompson had no direct knowledge of the salaries of other attorneys working for IDOC, she suspected that her salary was significantly lower than that of her male co-workers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. On October 12, 2000, the Chief Legal Counsel, Donald R. Zoufal, wrote a memorandum to Donald N. Snyder, Director of IDOC, requesting that Thompson's salary be substantially increased. A copy of Zoufal's memorandum is attached hereto as Exhibit 1.

**ANSWER:** Defendants admit the allegations in paragraph 15.

16. Zoufal's memorandum states as follows:

Not only is Ms. Thompson compensated below the level of attorneys with similar lengths of practice experience she is compensated below the level of more junior attorneys. Her annual compensation rate is almost $10,000 below that of the Departments [sic] most junior attorney. That attorney has less than half the years of practice experience as Ms. Thompson. **In fact, even one of the paralegal staff in the office is compensated at a rate above Ms. Thompson.**

**ANSWER:** Defendants admit that the memorandum contains the referenced statements, but deny that any portion is in bold face, as Plaintiff represents in paragraph 16, without bringing her modification of the memorandum to the attention of the court.

17. Zoufal recommended that Thompson's salary be raised from its then current rate of $33,252 to between $45,000 to $50,000. However, no such adjustment was made in Thompson's salary. At the time, Thompson was not aware of the contents of Zoufal's memorandum.

**ANSWER:** Defendants admit that Zoufal recommended a raise in salary for Plaintiff to a level between $45,000 and $50,000. Defendants admit that Plaintiff's salary was not raised to such a level, but deny that Plaintiff received no adjustment in salary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. Today, eight years after Zoufal's memorandum recommending a salary increase for Thompson in the range of $45,000 to $50,000, Thompson's salary just reached $46,000.

**ANSWER:** Defendants admit the allegation in paragraph 18.

19. Upon information and belief, male attorneys presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

**ANSWER:** Defendants admit that male and female attorneys presently working for IDOC are paid and have been paid more than Plaintiff. Defendants deny the remaining allegations in paragraph 19, and specifically deny any inference of discrimination or other illegal conduct with respect to Plaintiff's salary.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

20. Thompson restates and realleges paragraphs 1 through 19 of the Second Amended Complaint as though fully set forth herein.

**ANSWER:** Defendants repeat and incorporate their answers to paragraphs 1 through 19 above, as though fully set forth herein.

21. It is an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation because of such individual's sex. 29 U.S.C. §206 *et seq*.

**ANSWER:** Defendants admit the allegations contained in paragraph 21.

22. IDOC discriminated against Thompson because of her sex in violation of the EPA by paying male employees, who performed the same duties and who had equal or lesser skills, education and experience, a higher salary than that paid to Thompson.

**ANSWER:** Defendants deny the allegations contained in paragraph 22.

23. As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

**ANSWER:** Defendants deny having engaged in any discriminatory or otherwise illegal conduct with respect to Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24. IDOC knew that the EPA applied to it or showed reckless disregard for whether or not the EPA applied to it.

**ANSWER:** Defendants admit IDOC knows that the EPA applies to it, but denies the remaining allegations contained in paragraph 24.

25. IDOC willfully violated the EPA.

**ANSWER:** Defendants deny the allegations contained in paragraph 25.

## COUNT II

### UNLAWFUL DISCRIMINATION BASED ON RACE
### IN VIOLATION OF SECTION 1983 (Huntley)

26. Thompson restates and realleges paragraphs 1 through 25 of the Second Amended Complaint as though fully set forth herein.

**ANSWER:** Huntley repeats and incorporates his answers to paragraphs 1 through 25 above, as though fully set forth herein.

27. Thompson is a member of a protected class due to her race, African American.

**ANSWER:** Huntley admits the allegations in paragraph 27.

28. Thompson was meeting IDOC's legitimate expectations and the legitimate expectations of her supervisor, Huntley.

**ANSWER:** Huntley admits that Plaintiff has met his legitimate expectations and the legitimate expectations of IDOC during the time in which Huntley has been Plaintiff's direct supervisor.

29. Upon information and belief, non-African American attorneys presently working for IDOC who are supervised by Huntley or who have been supervised by Huntley in the past performing similar duties to Thompson are paid and have been paid more than Thompson.

**ANSWER:** Huntley admits the allegations in paragraph 29.

30. Huntley discriminated against Thompson based on her race in the terms and conditions of her employment by failing to pay her salary and benefits equal to that of non-African Americans.

**ANSWER:** Huntley denies the allegations in paragraph 30.

31. As a direct and proximate result of Huntley's conduct, Thompson has sustained substantial economic losses.

**ANSWER:** Huntley denies having engaged in any discriminatory or otherwise illegal conduct with respect to Plaintiff. Huntley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32. As a further direct and proximate cause of Huntley's unlawful employment practices, Thompson has suffered humiliation, mental and emotional distress.

**ANSWER:** Huntley denies having engaged in any discriminatory or otherwise illegal practices with respect to Plaintiff. Huntley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Huntley's conduct toward Thompson was done with malice and/or reckless disregard of Thompson's civil rights.

**ANSWER:** Huntley denies the allegations in paragraph 33.

## COUNT III

### UNLAWFUL DISCRIMINATION BASED ON AGE

34. Thompson restates and realleges paragraphs 1 through 33 of the Second Amended Complaint as though fully set forth herein.

**ANSWER:** IDOC repeats and incorporates its answers to paragraphs 1 through 33 above, as though fully set forth herein.

35. On April 18, 2007, Thompson filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"). In her Charge, Thompson alleged *inter alia*, that IDOC discriminated against her based on her age.

8

**ANSWER:**  IDOC denies Plaintiff filed a charge with the EEOC on April 18, 2007 and states that Plaintiff's charge was "received" by the EEOC on April 21, 2007.  IDOC admits that Thompson's charge includes allegations that IDOC discriminated against her based on her age.

36. The EEOC has not yet issued a Notice of Right to Sue to Thompson.  However, because more than 60 days have expired since Thompson filed her EEOC Charge, she has satisfied all procedural requirements for bringing a claim pursuant to the Age Discrimination in Employment Act ("ADEA").

**ANSWER:**  IDOC denies that more than 60 days had expired when Plaintiff filed her Second Amended Complaint.  IDOC admits, however, that 60 days have expired as of the date of the filing of the instant Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

37. Thompson is, and during her entire tenure as an employee of IDOC, Thompson has been above the age of 40 years.

**ANSWER:**  IDOC admits the allegations in paragraph 37.

38. At all times, Thompson has been meeting IDOC's legitimate expectations.

**ANSWER:** IDOC admits the allegations in paragraph 38.

39. Upon information and belief, attorneys under the age of 40 presently working for IDOC or who have worked for IDOC in the past performing similar duties are paid and have been paid more than Thompson.

**ANSWER:**  IDOC admits the allegations in paragraph 39.

40. IDOC discriminated against Thompson based on her age in the terms and conditions of her employment by failing to pay her salary and benefits equal to that of employees below the age of 40.

**ANSWER:**  IDOC denies the allegations in paragraph 40.

41.   As a direct and proximate result of IDOC's conduct, Thompson has sustained substantial economic losses.

**ANSWER:**  IDOC denies having engaged in any discriminatory or otherwise illegal conduct with respect to Plaintiff.  IDOC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42.   As a further direct and proximate result of IDOC's unlawful employment practices, Thompson has suffered humiliation, mental and emotional distress.

**ANSWER:**  IDOC denies having engaged in any discriminatory or otherwise illegal practices with respect to Plaintiff.  IDOC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43.   IDOC's conduct toward Thompson was done with malice and/or reckless disregard of Thompson's civil rights.

**ANSWER:**  IDOC denies the allegations in paragraph 43.

WHEREFORE, Thompson prays that this Court:

   a.   Enter judgment in favor of Thompson and against defendants for all wages and benefits shown to be due.

   b.   Enter judgment in favor of Thompson and against IDOC for an equal amount of wages as liquidated damages;

   c.   Enter judgment in favor of Thompson and against defendants for compensatory damages;

   d.   Enter judgment in favor of Thompson and against defendants for Thompson's reasonable attorney's fees, expenses and costs of this action; and,

   e.  Award Thompson such other relief as this Court deems just and proper.

**ANSWER:** Defendants deny Plaintiff is entitled to any damages in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any salary differential between Plaintiff and other employees is a result of factors other than sex.

### SECOND AFFIRMATIVE DEFENSE

Any salary differential between Plaintiff and other employees is a result of legitimate, non-discriminatory factors.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations under the Equal Pay Act are barred to the extent that they occurred more than two years prior to the filing of her Complaint, or three years if a violation is shown to be willful.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations under 42 U.S.C. § 1983 are barred to the extent that they occurred more than two years prior to the filing of her Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations under the ADEA are barred to the extent that they occurred more than 300 days prior to the filing of her charge of discrimination.

### SIXTH AFFIRMATIVE DEFENSE

IDOC had legitimate, non-discriminatory reasons for its employment decisions.

## SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, IDOC has maintained and followed a policy prohibiting discrimination.

LISA MADIGAN
Illinois Attorney General

Respectfully submitted,

**ILLINOIS DEPARTMENT OF CORRECTIONS, and EDWARD HUNTLEY, individually and in his capacity As Chief Legal Counsel of the Illinois Department of Corrections,**
Defendants,

By:___s/ Mary M. Madden_____

MARY M. MADDEN
Assistant Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-7201