UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELCINE THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1222 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Honorable Joan H. Lefkow |
| CORRECTIONS and ) | |
| EDWARD HUNTLEY, individually and ) | Magistrate Judge Maria Valdez |
| In his capacity as Chief Legal Counsel of ) | |
| The Illinois Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

This matter comes before the Court pursuant to the agreement of all parties to this litigation (hereinafter referred to as the "Parties") that the Court enter an order limiting the disclosure of certain information and documents in the course of discovery in accordance with Federal Rule of Civil Procedure 26(c), and in order to expedite discovery and protect private or confidential information:

WHEREAS, Plaintiff has requested the production of certain documents from Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS, (hereinafter referred to as "Defendant" or "IDOC"), pertaining to the personal employment records of numerous current or former Illinois Department of Corrections employees;

WHEREAS, Defendant has requested confidential information and documents from Plaintiff, DELCINE THOMPSON, pertaining to her income tax returns and other financial information;

WHEREAS, the Parties' counsel of record have conferred and agree that some documents contain private or confidential information that must be protected from unnecessary disclosure to any person or entity not named in this lawsuit, or for any purpose other than the preparation, trial, and appeal of this action;

WHEREAS, the private or confidential information in the documents Plaintiff requested include, but are not limited to, home addresses, telephone numbers, social security numbers, marital status, medical, health insurance and other employment benefit information, criminal history, and credit information, (hereinafter referred to as "Confidential Information");

**IT IS HEREBY ORDERED THAT:**

1. The Confidential Information contained in the documents produced by IDOC in this lawsuit shall be redacted to obscure and/or erase the Confidential Information;

2. Plaintiff shall produce unredacted copies of all responsive Confidential Information and documents to counsel for IDOC, with the exception of Confidential Information pertaining to individuals other than Plaintiff, and with the understanding that if either party wishes to attach any of Plaintiff's Confidential Documents to a pleading filed with the Court, either party shall have the opportunity to move the Court for leave to file such documents under seal;

3. Pursuant to the Court's Standing Order, no document treated as confidential under this protective order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

4. The Confidential Information and documents containing Confidential Information shall be used solely for the purpose of this action. Unless the Court, for good cause shown, rules otherwise, such information shall not be disclosed to any person other than: (a) the Parties'

counsel of record in this action and the members of their firm and/or office; (b) the clerical and paralegal staff of outside counsel of record in this action employed during the preparation for the trial of this action; (c) the Parties to the action or their employees provided that such employees have a need to know such Confidential Information in connection with this action; and (d) persons retained by any party to furnish expert services to advise or to give expert testimony in this action. The Confidential Information or documents disclosed to such persons shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (d) of paragraph 4, nor shall any such information be used by any such person for any purpose other than the preparation, trial, and appeal of this action;

5. If any additional party joins or is joined to this action, that newly joined party shall not have access to said Confidential Information until such party has agreed, in writing, to be bound by the terms of this Protective Order;

6. Neither the documents containing Confidential Information nor the Confidential Information shall be utilized, copied or reproduced except as needed in connection with this litigation. All copies shall be maintained within the possession and control of the Parties' counsel of record. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Protective Order;

7. Any depositions taken in this action, where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized, shall be attended only by the deponent, the parties, and the parties' counsel of record. All persons attending any deposition(s) in this case shall be subject to this Protective Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance

with the terms of this Protective Order;

8. The non–producing party's counsel shall require any potential expert who is to obtain access to the Confidential Information or documents containing Confidential Information to sign a written statement, to be held by the non-producing party's counsel, submitting to this Court's jurisdiction for the purpose of enforcing this Protective Order before receiving such information or documents. The form of such statement shall be consistent with the form entitled "Statement of Expert," attached as page six of this Agreed Protective Order;

9. Maintenance of the Confidential Information and documents containing Confidential Information shall be subject to further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court to modify the terms of this Protective Order. The parties, however, shall engage in good faith efforts to resolve requests to modify this Protective Order prior to bringing such requests to the Court's attention;

10. Within sixty (60) days of final termination of this action, including any appeals, all documents containing Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding experts or extracts incorporated into any privileged memoranda of the parties, and materials that have been admitted into evidence in this action), shall be destroyed by the parties and/or experts who received production of those materials. Upon the producing party's request, the parties who received production of such material shall provide a written verification of the destruction to the producing party;

11. If a party subject to this Protective Order receives a subpoena, civil investigation demand, or any other request for production of information or materials covered by this Protective Order in any administrative, judicial, or other legal proceeding, that party shall, within five (5) days of receiving such request or demand, or within the time in which the party must respond to the

request, whichever is shorter, notify the producing party of the document request, including the substance of the request, the identity of the entity or person making the request, and the nature of the proceeding in which the material and/or information has been sought;

12. This Protective Order shall survive the final conclusion of this action and shall continue in full force and effect.

_____   Date: 9/8/08
HUBERT O. THOMPSON
Brothers & Thompson, P.C.
100 W. Monroe, Suite 1700
Chicago, Illinois 69693
Attorney for the Plaintiff


_____   Date: 9/8/08
MARY M. MADDEN
Assistant Attorney General
Office of the Attorney General
100 West Randolph, 13th Floor
Chicago, Illinois 60601
Attorney for the Defendant


ENTERED:


_____   Date: _____
JOAN H. LEFKOW
District Court Judge
United States District Court
Northern District of Illinois
Eastern Division

## STATEMENT OF EXPERT

The undersigned states that he/she has been retained by _____ in the action entitled <u>Delcine Thompson v. Illinois Department of Corrections, et al.</u>, Case No. 08 C 1222, pending in the United States District Court for the Northern District of Illinois, Eastern Division, that he/she has read the Agreed Protective Order entered by the Court in connection with that case, and that in return for the right to have access to confidential information or documents in the case he/she agrees to comply with the terms of the Agreed Protective Order, and he/she submits to the personal jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, for the purpose of enforcement of the Agreed Protective Order.


Printed Name: _____


Signature:    _____


Date:         _____